IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOSHUA and BRANDI EZELL                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 2:14-cv-150-KS-MTP

ANDREW PARKER and
PURVIS AUTO COLLISION, INC.                                                DEFENDANTS

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Quash Subpoenas *Duces Tecum* and Motion for Protective Order [36] [37]. Having considered the parties' submissions and the applicable law, the Court finds that the Motions [36] [37] should be granted as set forth below.

## FACTUAL BACKGROUND

Plaintiffs in this action are Joshua Ezell ("Ezell") and his wife Brandi Ezell. Plaintiffs' claims arise from Ezell's employment with Purvis Auto Collision, Inc. ("Purvis Auto") and his termination from that employment. Purvis Auto is a automotive body shop and repair business. Ezell worked as an automotive painter for Purvis Auto from August, 2011, until August 7, 2014, when he was terminated.

Thereafter, Plaintiffs filed this action, alleging that Defendants (1) defamed Plaintiffs, (2) maliciously interfered with Ezell's employment, (3) terminated Ezell in violation of public policy, (4) violated the Fair Labor Standards Act by failing to pay Ezell overtime, and (5) wrongfully invaded Plaintiffs' privacy. Plaintiffs also alleges that Defendants' actions constituted negligence, gross negligence, negligent and intentional infliction of emotional distress, libel, and slander.

1

**DISCUSSION**

On February 10, 2015, Plaintiffs served subpoenas *duces tecum* on (1) Allstate Vehicle and Property Insurance Company, (2) State Farm Mutual Automobile Insurance Company, (3) Nationwide Mutual Insurance Company, (4) Mississippi Farm Bureau Insurance Company, and (5) Progressive Gulf Insurance Company. The subpoenas command that each of these non-party insurance companies produce:

1. All Estimates for service made by Purvis Auto Collision to you from January 1, 2011 until August 1, 2014.

2. All Estimates for service paid by you to Purvis Auto Collision from January 1, 2011 until August 1, 2014.

*See* Returns [30] [31] [32] [33][34]. The subpoenas include the following "definitions":

| Purvis Auto Collision | Purvis Auto Collision |
| 3023 HWY 11 | 609 Broadway Drive |
| Purvis, MS 39475 | Hattiesburg, MS 39401 |

*Id*.

In their Motions [36] [37], Defendants ask the Court to quash the subpoenas because they seek documents which contain confidential and/or proprietary customer, pricing, and revenue information. Defendants also ask the Court for a protective order limiting the subpoenas because they seek irrelevant information or, in the alternative, limiting the disclosure of any information gained by the subpoenas.[1] Defendants point out that Plaintiff is

---

[1] Defendants also argue that the subpoenas should be quashed based on Plaintiffs' failure to serve copies of the subpoenas on Defendants before they were issued to the insurance companies. Fed. R. Civ. P. 45(a)(4) requires that notice of a subpoena *duces tecum* be given to all parties before service of the subpoena. The Advisory Committee's Notes on 2013 Amendment clarify that Rule 45(a)(4) is "intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials." In this case, Plaintiffs provided notice of the subpoenas immediately after service, and Defendants were not deprived of

now employed by Advanced Auto Collision, one of Defendants' competitors.  In response, Plaintiffs argue that the information sought by the subpoenas is not confidential and/or proprietary and Defendants lack standing to oppose the subpoenas.  Plaintiffs also argue that the information sought is relevant to their claims.

"Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the document sought." Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459; *see Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).  A party has standing to challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential, or protected information sensitive to the party. *See*, *e.g.*, *Old Towne Dev. Grp., L.L.C. v. Matthews*, 2009 WL 2021723, at *1 (M.D. La. July 9, 2009) (finding that a party had standing to challenge a subpoena issued to a bank because he claimed a legitimate privacy interest in the requested bank records).  The Court finds that Defendants have asserted a legitimate interest in the documents at issue as they may reveal information that is arguably confidential and proprietary.

The Court, however, finds that the proper avenue for opposing the subpoenas is via a motion for protective order.  A protective order would protect Defendants' interests in the documents at issue.  As previously mentioned, Defendant also moved for a protective order. The motion for protective order seeks to place limits on the discovery and to preclude Plaintiffs from disclosing or using any information gained by the subpoenas outside of this action.

---

a fair opportunity to protect their interests.  Thus, the Court declines to quash the subpoenas based on Plaintiffs failure to comply with Fed. R. Civ. P. 45(a)(4).

Accordingly, the Court will treat Defendants' Motions solely as a request for protective order.

Defendants further argue that the information sought by Plaintiffs is not relevant to any claim or defense. Subpoenas issued for discovery purposes, such as those at issue here, are subject to the discovery limitations outlined in Fed. R. Civ. P. 26(b). *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); Wright & Miller, Federal Practice and Procedure, Civil 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1)."). According to Defendants, Ezell only worked at one of Purvis Auto's facilities located at 6614 U.S. Hwy 98 W, Hattiesburg, Mississippi ("Hwy 98 Facility"). Defendants assert that Purvis Auto operates two other facilities, another facility in Hattiesburg ("Broadway Drive Facility") and a facility in Purvis, Mississippi ("Purvis Facility"). In their subpoenas, Plaintiffs seek documents relating to those two facilities, but not the Hwy 98 Facility.

Plaintiffs argue that "[t]he estimates contain information regarding the number of hours spent working on the automobiles, and directly relates to Joshua Ezell's FLSA claims." *See* Response [40] at 5. Plaintiffs also argue that "any evidence or documents relating to the number of hours worked by Joshua Ezell is relevant to the matter at hand." *Id*. Defendants, however, assert that Ezell did not work at Broadway Drive Facility or the Purvis Facility, and Plaintiffs do not contradict Defendants' assertion. According to Plaintiffs' argument, the subpoenaed information is relevant because it relates to the number of hours worked by Ezell, but Plaintiffs do not seek information related to the facility where Ezell actually worked. Plaintiffs fail to explain how information regarding the Broadway Drive Facility and the Purvis

Facility would shed any light on the number of hours Ezell worked.  Thus, the subpoenas seek information which is not reasonably calculated to lead to admissible evidence, and Defendants' motion for protection should be granted.

 IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion to Quash Subpoenas *Duces Tecum* and Motion for Protective Order [36] [37] is GRANTED.

2. Allstate Vehicle and Property Insurance Company, State Farm Mutual Automobile Insurance Company, Nationwide Mutual Insurance Company, Mississippi Farm Bureau Insurance Company, and Progressive Gulf Insurance Company need not produce the information requested by Plaintiffs via subpoenas served on February 10, 2015.

3. Plaintiffs are ordered to immediately provide a copy of this Order to Allstate Vehicle and Property Insurance Company, State Farm Mutual Automobile Insurance Company, Nationwide Mutual Insurance Company, Mississippi Farm Bureau Insurance Company, and Progressive Gulf Insurance Company.

 SO ORDERED this the 27th day of February, 2014.

             s/Michael T. Parker
             United States Magistrate Judge