# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, EASTERN DIVISION

| | |
|---|---|
| JOSHUA EZELL; <br> BRANDI EZELL | ) <br> ) <br> ) |
| v. | ) CAUSE NUMBER: 2:14cv-150KS-MTP <br> ) |
| ANDREW PARKER; and <br> PURVIS AUTO COLLISION, INC | ) JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

COME NOW Plaintiffs, Joshua Ezell and Brandi Ezell, by and through undersigned counsel, and makes this, their Amended Complaint against Andrew Parker and Purvis Auto Collision, Inc, and would show unto the Court the following, to wit:

### PARTIES

1. Plaintiffs, husband and wife, are adult resident citizens of Lamar County Mississippi who may be contacted through undersigned counsel.

2. Defendant, Purvis Auto Collision, Inc., hereinafter Purvis, is a Mississippi Corporation, incorporated under the laws Mississippi who may be served with process through its registered agent, Andrew Parker at 3023 HWY 11, Purvis Mississippi, 39475.

3. Defendant, Andrew Parker , hereinafter "Parker," is a resident citizen of Lamar County Mississippi who may be served with process at 3023 Hwy 11, Purvis, Mississippi 39745.

### JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in this Court because a substantial act or omission giving rise to this litigation occurred within Lamar County.

### FACTUAL ALLEGATIONS

5. Joshua Ezell, hereinafter Joshua, began working for Purvis in 2011 as an automotive painter.

6. Joshua was paid a "commission" on the cars which he painted for Purvis, however, Joshua had no control over the hours he worked, or how Joshua performed his job. Joshua was a regular employee of Purvis, and was paid $18.00 per hour for his services.

7. Joshua had an assistant who assisted him with painting cars. Until March of 2014 Joshua's assistant was paid cash, "under the table" because Purvis wanted to keep Joshua's assistant off of the official books.

8. In March of 2014, an audit was performed and Purvis was no longer able to pay the assistants in cash. Instead Purvis began to pay the assistant through Joshua, and required Joshua to cash his own paycheck and pay the assistant cash.

9. In or about April of 2014 Joshua complained of these criminal acts directly to his employer. These acts constitute tax fraud and are criminalized under Mississippi and Federal law.

10. Defendants became upset by Joshua's complaints regarding the fraudulent payment of assistants through Joshua's checks, and Joshua's work environment immediately became hostile over the summer of 2014.

11. Defendants undertook a course of conduct to maliciously and wrongfully discharge Joshua from his employment with Purvis.

12. In late July and August of 2014, Parker began to tell family members of Joshua and his wife Brandi Ezell, that the two were on drugs. This allegation was false.

13. On or about August 6, 2014, Joshua had taken a drug test for the Defendants. No illegal drugs were found in Joshua's system. Joshua was on various prescribed medication of which the Defendants were aware.

14. Parker, when asked about the drug test by the Ezell's family members, slandered Joshua by falsely stating that Joshua had failed the drug test.

15. During the dates of August 1-12, 2014, Parker slandered the Ezell's by telling their family and friends that the Ezell's were on drugs and that Joshua was going to be fired for stealing checks, paint, and tools from Purvis. These allegations are false, and no charges have ever been made against Joshua for these alleged acts.

16. The Ezells' family members became so upset by the allegations made by Parker that they threatened to call law enforcement and have the Ezell's children taken away from them for drug use.

17. These defamatory and slanderous statements made by Parker have caused tremendous strife and emotional distress within the Ezell family.

18. On August 7, 2014 Joshua was terminated by Defendants because Defendants wanted to "make a change."

19. Joshua was terminated for reporting criminal acts to his employer, and the Defendants fabricated stories of pre-text, slandering and defaming Joshua in the process.

20. Since being wrongfully terminated by Defendants, Joshua has sought out new job opportunities and been interviewed by prospective employers. During these interviews, prospective employers have asked Joshua specific questions regarding the slanderous statements made by Defendants, and these slanderous statements made by Defendants has, to date, prevented Joshua from obtaining new employment.

**DEFAMATION**

21. Ezells hereby adopt all previously stated paragraphs as though fully restated herein.

22. Parker has knowingly and maliciously slandered the good names of Brandi Ezell and Joshua Ezell by knowingly misrepresenting drug use to the Ezell family members, causing strife within the family unit and damaging the reputation of the Ezells.

23. The actions by the Defendants have defamed the Ezells and caused the Ezells to suffer a loss of their good name and standing in the community. Defendants, without any lawful purpose have caused defamatory statements regarding Ezells' name and reputation to be spoken, severely damaging the Ezells' reputation.

## MALICIOUS INTERFERENCE WITH EMPLOYMENT

24. Ezells hereby adopt all previously stated paragraphs as though fully restated herein.

25. Defendant Parker, with malice and unlawful intent, caused Joshua's employment relationship with Purvis to be terminated.

## TERMINATION IN VIOLATION OF PUBLIC POLICY

26. Ezells hereby adopt all previously stated paragraphs as though fully restated herein.

27. Joshua was terminated because of reporting and complaining of criminal acts to his supervisors, which constitutes a violation of public policy consistent with *McArn v. Allied-Bruce Terminix*.

## INVASION OF PRIVACY

28. Ezells hereby adopt all previously stated paragraphs as though fully restated herein.

29. Defendants have disclosed private and personal facts about Joshua to the public. Defendants have publically disclosed personnel records including salary and wages to third parties who have no right or interest in the information.

30. Defendants have allegedly disclosed the results of confidential drug test to third parties who have no right or interest in the results of the test. In doing so, the Defendants have the held the Plaintiffs out to the public in a false light.

31. The information disclosed by the Defendants is highly offensive and is not of a legitimate concern to the public.

## BACK WAGES

32. Ezells hereby adopts all previously stated paragraphs as though fully restated herein.

33. While Joshua was an employee of Defendants, Joshua was paid based upon the hours billed to customers/insurance companies for paint work by Joshua. Joshua was provided an estimate which purported to show the hours which Joshua would be paid on each job. These wages were Joshua's commission for the work her performed.

34. Joshua was provided an estimate, which Joshua was told was the estimate for work which the customer/insurer would pay for the work to be performed. Joshua was paid in accordance with these estimates.

35. Joshua has since learned that the estimates Joshua was provided did not accurately reflect the work for which the Defendants were paid. Defendants, upon information and belief, had a formula by which hours on estimates were reduced when provided to employees. Employees were supposed to be paid based upon the hours which were billed on the estimates provided to the customer/insurer. The Defendants kept two separate sets of estimates, the estimate provided to employees, and the estimates provided to customers/insurers.

36. By providing these false estimates to employees, Defendants are liable for the torts of negligent and/or fraudulent misrepresentation. As a result of these tortious actions, Joshua is owed back wages and commission for all jobs worked whereby the estimates did not accurately reflect the amounts billed and paid by customers/insurers.

37. In addition, the actions and omissions by the Defendants herein constitute breach of contract, tortious breach of contract, and breach of the duty of good faith and fair dealing wherein the parties had an agreement that Joshua would be paid based upon the hours billed,

and Defendants failed to compensate Joshua in accordance with the agreement, even providing false estimates in furtherance of this breach and tortious conduct.

## CAUSES OF ACTION

38. Ezells hereby adopt all previously stated paragraphs as though fully restated herein.

39. The actions and omissions of the Defendants as complained of herein also constitute the torts of negligence, gross negligence, negligent and intentional infliction of emotional distress, libel, and slander.

## DAMAGES

40. Ezells hereby adopt all previously stated paragraphs as though fully restated herein.

41. As a proximate and direct result of the Defendants' actions, Ezells demand a judgment against Defendants for actual, compensatory, consequential, punitive and special damages including back wages, loss wages, costs, pre and post judgment interest, and attorney's fees.

42. Ezells have suffered stress, anxiety, emotional distress, and loss of their good name as a result of the Defendants' actions.

WHEREFORE, PREMISES CONSIDERED, Ezells demands a jury trial and a judgment against Defendants for the damages complained of herein to be determined by a jury of Ezell's peers.

Respectfully submitted, this the 10th day of March 2015.

                                                    */s/ Daniel Waide*  
                                                   Daniel M. Waide, (MSB#103543)  
                                                   1300 HARDY ST.  
                                                   PO BOX 17738  
                                                   HATTIESBURG, MS 39404  
                                                   601-582-4553 (OFFICE)  
                                                   601-582-4556 (FAX)  
                                                   dwaide@jhrlaw.net

## CERTIFICATE OF SERVICE

I, Daniel M. Waide, an attorney for Plaintiff, hereby certify that on this day I caused to be served by electronic filing a true and correct copy of the foregoing on the following:

Michael McCabe, Esq.
Mackin Johnson, Esq.
Butler Snow LLP
The First Bank Building
1300 25th Avenue, Suite 204
Gulfport, MS 39501

SO CERTIFIED, this the 10th day of March 2015.

                                                 /s/ Daniel Waide

                                                 DANIEL M. WAIDE